UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SECURITIES AND EXCHANGE COMMISSION, )
)
)
Plaintiff, )
)
v. ) No. 2:18-cv-00139-JDL
)
MICHAEL A. LIBERTY, et al., )
)
Defendants. )

## ORDER ON DEFENDANTS' FOURTH MOTION
## TO STAY CIVIL PROCEEDINGS

All of the Defendants, except for Defendant George Marcus, have jointly moved for a fourth stay of this civil litigation which would stay the case until the conclusion of the pending criminal proceedings against Defendants Michael A. Liberty and Paul Hess. ECF Nos. 53, 54, 71. Plaintiff Securities and Exchange Commission (the "SEC") opposes the Motion. ECF No. 55. For the reasons that follow, the Motion is **GRANTED**.

### I. BACKGROUND

The SEC filed its complaint in March 2018, asserting claims arising out of an alleged fraudulent securities scheme. *See* ECF No. 1. The named Defendants are Michael A. Liberty, Mozido Invesco, LLC, Family Mobile, LLC, BRTMDO, LLC, Brentwood Financial, LLC, TL Holdings Group, LLC, Brittany Liberty, Paul Hess, Richard Liberty, George Marcus, and Xanadu Partners, LLC. The complaint alleges that the Defendants tricked investors into believing that they were funding startup technology companies, including a company named Mozido, when the investors were

in fact investing in shell companies without active business operations. *Id.* ¶¶ 1-4. The complaint alleges that the Defendants enriched themselves with their investors' money. *Id.* ¶ 1.

In July 2018, the Defendants moved for a stay of the case pending an ongoing grand jury investigation into conduct related to the SEC's allegations and targeting certain of the Defendants. *See* ECF No. 38. The Court granted the motion and ordered the case stayed until October 16, 2018, finding that the ongoing grand jury investigation could implicate the Fifth Amendment rights of at least some of the Defendants. *See* ECF No. 40. The stay was later extended to December 10, 2018, *see* ECF No. 44, and then again to February 28, 2019, *see* ECF No. 50, upon subsequent requests by the Defendants that were not opposed by the SEC. *See* ECF Nos. 43, 47. The two orders continuing the initial stay authorized the parties to conduct third-party documentary discovery so long as all discovery requests were served on all parties. ECF Nos. 44, 50.

On February 27, 2019, a criminal indictment was returned against Defendants Michael Liberty and Paul Hess containing allegations of wire fraud and securities fraud that overlap with the SEC's civil allegations. *See United States v. Liberty, et al.*, No. 2:19-cr-00030-GZS, ECF No. 1. The indictment alleges that Liberty and Hess, "with the help of others, solicited individuals to invest in various shell companies that [Liberty] controlled . . . on the basis that their investments would be passed on to fund the business operations of a company named Mozido." *Id.* ¶¶ 1-2, 7. All of the Defendants in this civil action—except for Defendant George Marcus, *see* ECF No.

71—have moved for the Court to again extend the stay of this proceeding until the criminal case against Liberty and Hess is concluded. *See* ECF Nos. 53, 54.

## II. LEGAL ANALYSIS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995) (quoting *Landis v. North Amer. Co.*, 299 U.S. 248, 254 (1936)). The "power to stay civil proceedings in deference to parallel criminal proceedings should be invoked when the interests of justice counsel in favor of such a course." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 78 (1st Cir. 2004). This determination is "situation-specific" and requires the balancing of "competing interests." *Id.* The First Circuit has identified seven factors that typically bear on the analysis:

> (i) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire; (ii) the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem; (iii) the convenience of both the civil and criminal courts; (iv) the interests of third parties; . . . (v) the public interest[;] . . . (vi) the good faith of the litigants (or the absence of it) and (vii) the status of the cases.

*Id.*

The SEC is "charged with the function of protecting the investing public," *S.E.C. v. Am. Trailer Rentals Co.*, 379 U.S. 594, 604 (1965), and therefore has a "substantial interest in the timely resolution of this proceeding." *S.E.C. v. TelexFree, Inc.*, 52 F. Supp. 3d 349, 353 (D. Mass. 2014). However, "[t]he strongest case for granting a stay is where a party under criminal indictment is required to defend a

civil proceeding involving the same matter." *Volmar Distribs., Inc. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). Such is the case here.

The subjects of the civil and criminal matters are sufficiently similar to risk prejudice to Liberty and Hess, as criminal defendants, should the two proceedings proceed simultaneously. The stay of a civil proceeding pending the completion of a closely connected criminal case is necessary where there is "substantial overlap between the subject matter of the two proceedings." *See S.E.C. v. Desai*, 672 F. App'x 201, 205 (3d Cir. 2016). In such a situation, "[a] stay can protect a civil defendant from facing the difficult choice between being prejudiced in the civil litigation, if the defendant asserts his or her Fifth Amendment privilege, or from being prejudiced in the criminal litigation if he or she waives that privilege in the civil litigation." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012).

Here, the criminal proceeding against Liberty and Hess is moving apace and is currently scheduled to be ready for trial in May of 2020. *See Liberty et al.*, No. 2:19-cr-00030-GZS, ECF No. 80. Thus, it is likely that a stay of this proceeding tied to the conclusion of the criminal trial will not exceed 12 months and, therefore, will not substantially prejudice the SEC and the interests it asserts. *See Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) ("A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct . . . [because] the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.").

A stay will also promote the public interest and conserve judicial resources. *See Marquis v. F.D.I.C.*, 965 F.2d 1148, 1154 (1st Cir. 1992) ("[F]ederal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention."). "The conviction of a civil defendant as a result of the entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges." *In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288 (DLC), 2002 WL 31729501, at *8 (S.D.N.Y. Dec. 5, 2002); *see also Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003) ("By proceeding first with the criminal prosecution, the Court makes efficient use of judicial time and resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination.").

This case also implicates issues of testimonial privilege that weigh in favor of granting a stay. Defendant Brittany Liberty is married to Defendant Michael Liberty, and she is therefore able to assert the spousal privilege and refuse to testify against her husband in the criminal case. *See Trammel v. United States*, 445 U.S. 40, 53 (1980) ("[T]he witness-spouse . . . has a privilege to refuse to testify adversely [against his or her spouse]; the witness may be neither compelled to testify nor foreclosed from testifying."). In addition, various parties may assert the attorney-client privilege concerning the testimony of Defendant George Marcus, Michael Liberty's former lawyer. Deciding questions related to these privileges in this civil proceeding, before they have been addressed in the criminal proceeding, creates a

risk of inconsistent outcomes because the rulings in this civil proceeding will not be binding in the criminal proceeding. Having these questions decided first in the criminal proceeding could conserve judicial resources because the decision may narrow the questions presented in this proceeding. *See Parker v. Dawson*, No. 06-CV-6191 (JFB)(WDW), 2007 WL 2462677, at *6 (E.D.N.Y. Aug. 27, 2007) ("[T]he resolution of the criminal case may increase prospects for settlement of the civil case . . . [d]ue to differences in the standards of proof between civil suits and criminal prosecutions which may result in the criminal disposition having a collateral estoppel or res judicata effect on some or all of the overlapping issues.") (quoting Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 204 (1990)) (internal quotation marks omitted). As explained in *TelexFree*:

> A stay would also conserve judicial resources and narrow the issues to be resolved in the event that criminal convictions are obtained. Under such a scenario, defendants would be estopped from re-litigating issues decided against them. This will undoubtedly expedite resolution of the civil action once the stay is lifted, even with respect to the individual defendants in the civil case who are not criminal defendants.

52 F. Supp. 3d at 353. In addition, as determined in *TelexFree*, "[a] stay in the civil enforcement proceeding will allow defendants to avoid substantial litigation costs while the criminal proceeding is pending." *Id.*

Given these considerations, this action will be stayed pending the conclusion of the criminal prosecution of Michael A. Liberty and Paul Hess.

### III. CONCLUSION

The Defendants' Fourth Motion to Stay Civil Proceedings (ECF No. 53, joined by ECF No. 54) is **GRANTED**. All proceedings in this civil action are **STAYED** pending resolution of the parallel criminal proceedings against Defendants Michael

A. Liberty and Paul Hess in Case No. 2:19-cr-00030-GZS, provided, however, that the parties are authorized to conduct third-party written discovery in accordance with the Court's prior orders. *See* ECF Nos. 44, 50. The parties are **ORDERED** to file a status report with respect to the progress of the criminal case on or before January 1, 2020, and every three months thereafter.

    **SO ORDERED.**

    **Dated this 8th day of August, 2019.**

                                                 /s/ JON D. LEVY
                                      **CHIEF U.S. DISTRICT JUDGE**