UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )  2:18-cv-00139-JDL ) |
| MICHAEL A. LIBERTY, et al., | ) ) |
| Defendants. | ) |

### ORDER ON DEFENDANT GEORGE MARCUS'S
### MOTION TO LIFT STAY ON CIVIL PROCEEDINGS

On March 30, 2018, the Securities and Exchange Commission ("SEC") commenced this civil action against several defendants, including George Marcus, alleging that they were involved in a scheme involving multiple fraudulent securities offerings. The case has been stayed since July 12, 2018. Marcus initially supported the stay order and continued to express support for it for most of its duration. However, beginning on May 16, 2019, Marcus expressed a desire to be free of the stay so that he could challenge the SEC's claims against him. He now formally moves for relief from the stay (ECF No. 75). For the following reasons, I grant his motion.

### I. BACKGROUND

In July 2018, the Defendants moved for a stay of this case pending an ongoing grand jury investigation into conduct related to the SEC's allegations which targeted certain of the Defendants. *See* ECF No. 38. Magistrate Judge John C. Nivison granted the motion and ordered the case stayed until October 16, 2018, finding that the ongoing grand jury investigation could implicate the Fifth Amendment rights of

at least some of the Defendants.  *See* ECF No. 40.  The stay was later extended to December 10, 2018, *see* ECF No. 44, and then again to February 28, 2019, *see* ECF No. 50, upon subsequent requests by the Defendants that were not opposed by the SEC.  *See* ECF Nos. 43; 47.  The two orders continuing the initial stay authorized the parties to conduct third-party documentary discovery so long as all discovery requests were served on all parties.  ECF Nos. 44, 50.

A criminal indictment was returned against Defendants Michael Liberty and Paul Hess on February 27, 2019.  The indictment contains allegations of wire fraud and securities fraud that overlap with the SEC's civil allegations made in this case.  *See United States v. Liberty*, No. 2:19-cr-00030-GZS, ECF No. 1.  All of the civil Defendants, except Marcus, sought a fourth stay of this civil litigation, which the SEC opposed.  On August 8, 2019, I granted a stay of all proceedings in this civil action pending resolution of the parallel criminal proceedings against Defendants Liberty and Hess, but authorized the parties to conduct third-party written discovery in accordance with the Court's prior orders.  Marcus now seeks relief from the stay solely to file a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).

## II. ANALYSIS

Courts have "discretionary power to stay civil proceedings in deference to parallel criminal proceedings" when doing so would promote "the interests of justice." *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 78 (1st Cir. 2004). When determining whether to grant or deny such a stay, courts must weigh "competing interests," including: (1) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the

plaintiff should a delay transpire; (2) the hardship to the defendant, including the burden placed upon him should the cases go forward in tandem; (3) the convenience of both the civil and criminal courts; (4) the interests of third parties; (5) the public interest; (6) the good faith of the litigants (or the absence of it); and (7) the status of the cases. *See id.* "Balancing these interests is a situation-specific task." *Id.*

When I granted the fourth stay of this civil litigation, I noted that the "subjects of the civil and criminal matters [were] sufficiently similar" that there would be a risk of prejudice to Liberty and Hess, as criminal defendants, if the two proceedings were to proceed simultaneously. I found that a stay could protect the criminal defendants from facing the "difficult choice" between being prejudiced in the civil litigation if they asserted their Fifth Amendment privilege or being prejudiced in the criminal litigation if they waived their Fifth Amendment privilege in the civil litigation. ECF No. 73 at 4 (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012)). I further noted that Marcus acted as Liberty's former attorney, implicating issues of attorney-client privilege. Similarly, I noted that two of the civil Defendants, including Liberty, were spouses, which implicated issues of testimonial privilege in the criminal case and therefore weighed in favor of granting a stay. *See id.* at 5.

Marcus's request to file a motion for judgment on the pleadings does not implicate the same concerns I identified when I granted the fourth stay of this litigation. The privilege concerns I identified do not all involve Marcus, and they are not all implicated by Marcus's motion for relief from the stay. Although Marcus is alleged to have been a member of the conspiracy underlying the criminal proceeding,

3

Marcus is not a defendant in the criminal proceeding, and he has not been indicted separately. *See United States v. Liberty*, No. 2:19-cr-00030-GZS, ECF No. 119. Nor is Marcus part of the married couple associated with a possible testimonial privilege. Of course, even where "none of the [civil] defendants is a party to the criminal matter," a criminal defendant's "potential assertion of privilege" could "present some hardship" to the parties in obtaining information relevant to their claims and defenses in a parallel civil case. *Adams v. Magnusson*, No. 1:19-cv-00547-GZS, 2020 WL 2770682, at *1 (D. Me. May 28, 2020). Here, however, the motion for relief from the stay is solely to permit Marcus to file a motion for judgment on the pleadings. A court considering such a motion reviews the facts alleged in the pleadings and the reasonable inferences drawn therefrom, as well as facts drawn from documents fairly incorporated in the pleadings and those susceptible to judicial notice. *See Kando v. R.I. State Bd. of Elections*, 880 F.3d 53, 58 (1st Cir. 2018). Thus, the potential hardship recognized by the *Adams* court appears minimal at this stage of this proceeding.

Similarly, although Marcus was the former lawyer for one of the defendants in the criminal proceeding, it is unlikely that his motion for judgment on the pleadings will implicate the attorney-client privilege associated with that representation because the motion will be centered on matters contained in the pleadings. Further, all but one of the civil Defendants, including both of the defendants in the criminal proceeding, have consented to lifting the stay solely so that Marcus may file a motion for judgment on the pleadings as long as no further motion practice or discovery is permitted.

Circumstances have also changed since I granted the fourth stay of litigation. I noted then that the criminal proceeding against Liberty and Hess was "moving apace" and was "currently scheduled to be ready for trial in May of 2020." ECF No. 73 at 4 (citing *Liberty*, No. 2:19-cr-00030-GZS, ECF No. 80). Now, however, trial is not scheduled to commence in the criminal case until April 2021, almost a year later. *Liberty*, No. 2:19-cr-00030-GZS, ECF No. 160. Civil defendants have an "understandable interest in concluding the civil matter without unreasonable delay." *Sea Salt, LLC v. Bellerose*, No. 2:18-cv-00413-JAW, 2020 WL 2475874, at *2 (D. Me. May 13, 2020). And courts have contemplated limiting the scope of a stay in situations such as this, so that a defendant is given "the opportunity to file a dispositive motion." *Id.*

The SEC opposes Marcus's motion to lift the stay, arguing that the purpose underlying Marcus's request to lift the stay—to file a motion for judgment on the pleadings—is unlikely to succeed. However, Marcus has not yet filed his motion for judgment on the pleadings. Accordingly, I decline to assess its merits at this stage. Additionally, the SEC points out that Marcus's proposed motion for judgment on the pleadings may require the Court to determine which of many relevant documents are incorporated into the complaint by reference. Because this determination may be labor-intensive based on the number of documents mentioned in the complaint, the SEC argues that Marcus's proposed motion for judgment on the pleadings would waste judicial resources. The SEC concedes, however, that the Court may ultimately have to conduct the same analysis no matter when the stay terminates. Thus, I am not persuaded that lifting the stay will waste judicial resources.

5

Finally, the SEC argues that the timing of Marcus's motion is suspect, given that the court in the criminal case found that the crime-fraud exception abrogated the attorney-client privilege between Marcus and Liberty as to certain documents. *See* ECF No. 77 at 2 (citing *Liberty*, No. 2:19-cr-00030-GZS, ECF No. 119). The SEC asserts that Marcus now moves for relief from the stay because he "wants to try to get out of his civil case" before the details of those documents "come to light." *Id.* This argument is unpersuasive because Marcus has opposed the stay since May 2019, and the government did not file its motion to abrogate the attorney-client privilege between Marcus and Liberty in the criminal proceeding until nearly six months later.

In sum, Marcus's request to lift the stay to file a motion challenging the sufficiency of the complaint is warranted because the start of the trial in the related criminal case has been continued into next year and, in view of the COVID-19 pandemic, the start of the trial as currently scheduled is not certain. In addition, only one of the other named Defendants in this case objects to the Court's consideration of Marcus's motion. Finally, and most importantly, the Fifth Amendment, attorney-client, and spousal privilege concerns that gave rise to the stay will not be substantially implicated if the Court proceeds to consider Marcus's motion for judgment on the pleadings. Accordingly, I conclude that the interests of justice support lifting the stay as to Marcus so that he may file a motion for judgment on the pleadings.

### III.  CONCLUSION

Marcus's motion for relief from the stay (ECF No. 75) is **GRANTED** solely for the purpose of Marcus filing a motion for judgment on the pleadings. No discovery is

permitted beyond that which has already been authorized by the Court.  Marcus's related request to enlarge the page limit for his opening memorandum from twenty pages to ninety pages is **GRANTED in part** as follows:  The parties' memoranda associated with Marcus's motion for judgment on the pleadings may be no more than double the lengths provided in D. Me. Local R. 7(d).

**SO ORDERED.**

**Dated this 12th day of August, 2020.**

                                                                 /s/ **JON D. LEVY**
                                              **CHIEF U.S. DISTRICT JUDGE**