



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Boston Regional Office
33 Arch Street, 24th Floor
Boston, MA 02110

**DIVISION OF ENFORCEMENT**

Peter Bryan Moores
Senior Enforcement Counsel
(617) 573-4576
mooresp@sec.gov

October 13, 2020

**Via EMAIL**
Stephen G. Grygiel
Grygiel Law, LLC
301 Warren Ave., #405
Baltimore, MD 21230

    Re:    Securities and Exchange Commission v. Liberty et al.,
            Case No. 18-139-JBL

Dear Mr. Grygiel:

    We have carefully considered your proposed motion for sanctions under Fed. R. Civ. P. 11. Having re-reviewed the materials underpinning the complaint, the Commission does not see the need to withdraw or correct any allegation made in the Complaint filed in the above-captioned matter. The Complaint complies fully with the requirements of Rule 11(b). Further, for the reasons outlined below, we do not believe your motion can be filed in good faith.

    My colleague Marc Jones has previously discussed your proposed motion with you. He invited you to delay its filing pending the outcome of your separate Motion for Judgment on the Pleadings pursuant to Rule 12(c) (Dkt. No. 82), both because of the substantial overlap between the two motions, and because we believe that the allegations made therein are without merit and inconsistent with the evidence we have gathered in our investigation. By email dated September 25, 2020, you declined to do so.

    We think your decision is in error, and we again suggest that you not waste the Court's time and attention with your Rule 11 motion as presently constituted. In preparing our response to your Motion for Judgment on the Pleadings, we have identified numerous factual errors, omissions, and misrepresentations of the record as well as legal errors that we believe are fatal to that motion. You have incorporated and compounded many of these errors, omissions, and misrepresentations in your motion for sanctions. For example:

- You attack the SEC for alleging that investor funds were diverted through the IOLTA account for your client's (and, at the time, your) law firm, claiming that the IOLTA ledger shows that all investor funds raised through the Brentwood offering were appropriately transmitted to MDO, LLC. *See generally*, Dkt. No. 82 at 6-8, 18-20, 24,

and 26; Motion for Sanctions at 7-8, 29, 34, and 52. Your own accounting, however, appears to be inaccurate. For example, the summary exhibit on which you base your arithmetic states that $5,000,000 was transferred to MDO on October 29, 2013; your client's handwritten ledger states that only $500,000 was transferred. *See* Dkt. No. 82, Ex. 8. Your summary exhibit also overstates by $200,000 a transfer to MDO on May 31, 2013 (the handwritten entry is $387,000, not $587,000). *Id.* The summary chart also includes several million dollars in transfers to MDO that do not relate to proceeds from the Brentwood Offering. During the relevant timeframe—August 2012 through November 2013—your summary chart (once corrected) shows roughly $19.4 million being received from investors and only $10.4 million being transferred to MDO. This $9 million gap is consistent with the SEC's allegations that investor funds were diverted through your firm's IOLTA account and that your client was aware of that fact.

- You repeatedly mischaracterize the securities at issue, along with the SEC's allegations regarding your client's misrepresentations about the valuation of MDO. To start, you claim that the securities were three-year promissory notes with an option allowing investors to convert the notes to equity interests in MDO once the promissory notes matured three years later. *See* Dkt. No. 82 at 8-9. This is incorrect. Each of the promissory notes at issue was *immediately* convertible to equity interests—there was no three-year waiting period. *See id.*, Exs. 1-4 (Sec. 5(a)).[1] Thus, the securities were not typical options contracts as you mistakenly and repeatedly claim. Building on this mistaken premise, you claim that "no conclusion can be drawn regarding the value of the asset subject to option from the contractual rights of the optionee and the obligations of the optionor." *Id.* at 10. Regardless of whether this statement is true, it is irrelevant. As alleged in the Complaint, your client represented to investors that the conversion price was in fact based upon a contemporaneous valuation of MDO; he then misrepresented to investors the then-current value of MDO.

- You contend that various integration clauses, disclaimers, and anti-reliance provisions in the offering documents for the securities at issue preclude liability for the misrepresentations and omissions of material facts described in the Complaint. *See generally*, Dkt. No. 82 at 6-7; Motion for Sanctions at 7, 8, 21, 26-27, 29, 34-35. But those contract clauses do not absolve your client of liability. In its enforcement actions, the Commission is not required to prove either reliance on misrepresentations or injury resulting from them. As a result, individuals may not escape liability for participation in securities fraud schemes by inserting boilerplate disclaimers in investment contracts, such as those you cite in your motions.[2] Not only is this proposition well established in case law, but in the Exchange Act itself. *See* 15 U.S.C. § 78cc(a) ("Any condition, stipulation, or provision binding another person to waive compliance with any provision of this title

---

[1] You also mistakenly claim that the promissory notes were convertible to equity in MDO LLC. This was true only for some of the promissory notes; others could only be converted into equity in the shell companies controlled by Michael Liberty that purported to invest in MDO. *Compare id.*, Ex. 1 (Notice of Conversion) *with id.*, Ex. 3 (Notice of Conversion).

[2] This is one of several ways in which the standards that apply to a Commission enforcement action differ from those that apply to a private plaintiff's securities action. *See, e.g.*, *SEC v. Tambone*, 597 F.3d 436, 463 (1st Cir. 2010) ("unlike the SEC—[private litigants] must prove reliance on the alleged misrepresentations, economic loss, and loss causation").

Stephen G. Grygiel, Esq.
October 13, 2020
Page | 3

    or of any rule or regulation thereunder … shall be void."); *AES Corp. v. Dow Chem. Co.*, 325 F.3d 174, 179-80 (3d Cir. 2003) (holding non-reliance clauses violated Section 29(a) of Exchange Act) *citing Rogen v. Ilikon*, 361 F.2d 260 (1st Cir.1966) (same).  *See also Whelan v Abell*, 48 F.3d 1247, 1258 (D.C. Cir. 1995) (integration clauses and the like do not bar fraud-in-the-inducement claims); *Arnold v. Nat'l Aniline & Chem. Co.*, 20 F.3d 364, 369 (2d Cir. 1927) (same).

- You claim that your client relied on other counsel (Motion for Sanctions at 4, 19-20, 37), but have not pled that as an affirmative defense and or supplied evidence of any of its predicates.  An advice-of-counsel defense requires complete disclosure of what was said to the attorneys and what their advice was.  Without this information and a waiver of the attorney-client privilege, we can not evaluate your client's claim that he was directed by "highly qualified securities counsel" to make the misrepresentations he did and perform such fraudulent misconduct.  If that is your client's defense, please provide the necessary waiver of the privilege and provide this information so we can evaluate its merits.

    We will address these defects, among many others, more fully in our forthcoming opposition to that motion.  We are also prepared to address additional errors in your motion for sanctions on a range of issues including your inaccurate descriptions of the contractual provisions that restricted the resale of membership units, the Wellington investments in Mozido Inc., and your client's representations regarding the "triple liquidation preference."

    The issues outlined above contribute to the inherent flaws in your motion for sanctions and, as noted, we do not believe that motion can be filed in good faith.  Should you file the motion, we may seek payment of attorneys' fees.

    In sum, we believe that a more careful review of applicable law, the documents available to you, and the information your client has provided to you will lead you to conclude that your motion for sanctions is meritless and should not be filed.  We further anticipate that additional evidence that you will receive in the course of discovery will only reinforce that conclusion.

    If you have any questions or would like to discuss this matter further, you may call me at (617) 573-4576 or Marc Jones at (617) 573-8947.  Thank you.

    Sincerely,

*Peter Bryan Moores*
Peter Bryan Moores
Senior Counsel
Division of Enforcement