

**EXHIBIT 4**

**Message**

| | |
|---|---|
| **From**: | Britt Napier [britt_napier@yahoo.com] |
| **Sent**: | 8/27/2010 3:28:15 PM |
| **To**: | geodenn@suscom-maine.net |
| **Subject**: | signature pages and documents to sign |
| **Attachments**: | TRANSFER AND NOTE SATISFACTION AGREEMENT.8.26.10doc.doc; Promissory Note.8.26.10.doc; TRANSFER AND NOTE SATISFACTION AGREEMENT.8.26.10doc.doc |

Hi George,

Here are the documents with Michael and my executed signature pages. Please sign and fax to 213-403-5456.

3 documents total to sign

1. Promissory Note
2. Transfer and Note Satisfaction Agreement
3. Amendment and Joinder Agreement

Thank you. Should you have any questions Michael will be available on his cell 202-253-7725.

Best Regards,
Britt Napier

## TRANSFER AND NOTE SATISFACTION AGREEMENT

This Transfer and Note Satisfaction Agreement is entered into as of the 26th day of August, 2010, by and between George Denney, an individual residing in Freeport, Maine ("Denney"), Mozido Investments, LLC, a Florida Limited Liability Company ("MI"), Mozido Invesco, LLC, a Maine Limited Liability Company ("Invesco"), and Michael A. Liberty, an individual residing in the Beverly Hills, California ("Liberty").

Whereas, MI is indebted to Denney pursuant to that certain Promissory Note of even date herewith, in the principal amount of $927,438.98 (the "Note"); and

Whereas, said Note is payable on demand made not earlier than three (3) years from the date of said Note; and

Whereas, Liberty has agreed to guaranty the payment of said Note, and has executed a written guaranty thereof; and

Whereas, said Note evidences indebtedness of MI to Denney for moneys loaned and advanced to MI; and

Whereas, Denney is the sole member and manager of Invesco; and

Whereas, MI wishes to satisfy in part, on the terms hereof, such indebtedness to Denney, including an additional amount representing interested expected to accrue over the term of this Agreement, by transferring to Invesco, for the benefit of Denney, ownership of 120 membership units in MI, and

Whereas, the value of such 120 membership units can be inferred by assuming a $16,000,000 valuation of Affinity Holding, LLC and its subsidiary Mozido, LLC (collectively "Mozido"); and

Whereas, such $16,000,000 valuation of Mozido is the post money valuation of Mozido placed upon Mozido by an independent third party investor therein, CompuCredit Corporation, in a transaction expected to close on or about August 27, 2010; and

Whereas, MI owns 53% of the equity value of Mozido, and based upon the foregoing valuation of Mozido, such 53% of the equity is valued at $8,480,000; and

Whereas, the units transferred herein constitute 12% of the issued and outstanding units of MI, and therefore have a value of $1,017,600, based upon the aforesaid $16,000,000 valuation of Mozido;

NOW THEREFORE , Denney, Invesco, MI and Liberty, for good and valuable consideration, the receipt and sufficiency whereof is hereby acknowledged,  agree as follows:

CONFIDENTIAL TREATMENT REQUESTED
EXEMPT FROM FOIA

In-Re-Mozido (B3004)_SEC_012_029932

1.  MI shall cause the absolute and unconditional present transfer of 120 Membership Units in and to MI to Invesco.

2.  Denney shall cause to be credited to the Note the sum of $1,017,600, on a provisional basis. Such credit is provisional in that a final credit upon the Note shall be made only when, and in the amount, of cash actually received and realized by Invesco, by virtue of the transfer or sale of the units, or any portion thereof.

3.  For the three year period commencing on the date of this Agreement, Liberty or his nominee shall have the sole and exclusive right and option to purchase such units, or any portion of the units, from Invesco. Thereafter, Invesco may sell any of such units or all of them to any party. Upon the sale or transfer of the units, the cash proceeds received and realized by Invesco shall cause a final credit to be made with respect to the Note in the amount of such cash proceeds.

4.  This Agreement shall be governed by the laws of the State of Maine. It may not be modified or amended, except by a written agreement, duly executed and delivered by the party sought to be charged by such modification or amendment.

5.  This Agreement shall be binding upon the successors and assigns of the parties hereto.

CONFIDENTIAL TREATMENT REQUESTED
EXEMPT FROM FOIA

In-Re-Mozido (B3004)_SEC_012_029933

IN WITNESS WHEROF, the parties have caused this Agreement to be executed and delivered as of the day and year first above written.

MOZIDO INVESTMENTS, LLC

By:_____
    Michael A. Liberty, Manager

By:_____
    Brittany S. Abbass, Manager

MOZIDO INVESCO, LLC

By:_____
    Its Manager

_____
Michael A. Liberty

_____
George Denney

CONFIDENTIAL TREATMENT REQUESTED
EXEMPT FROM FOIA

In-Re-Mozido (B3004)_SEC_012_029934

PROMISSORY NOTE

August 26, 2010

FOR VALUE RECEIVED, the undersigned, jointly and severally (collectively referred to herein as "Borrower") promises to pay to the order of George Denney, an individual of Freeport, Maine, or his nominee (hereafter referred to as "Holder") on DEMAND made at any time after the expiration of three (3) years from the date hereof, the principal sum of Nine Hundred, Twenty Seven Thousand, Four Hundred and Thirty Eight Dollars and Ninety Eight Cents (U.S. $927,438.98) together with interest at the New York Prime Rate of Interest in effect from time to time, and as the same may change from time to time, so long as any portion of the principal amount of this Note remains outstanding. The New York Prime Rate of Interest shall be the rate of interest published from time to time in the Wall Street Journal as the prime rate, or if such rate ceases to be published by the Wall Street Journal, at a substantially equivalent rate of interest.

Any payments hereunder shall first be applied to any late charges or other fees and expenses, if any, then to accrued interest and then to unpaid principal on the debt until the same is paid in full. Interests shall accrue to the date payment is receive.

All payments hereunder shall be made to Holder at the address designated by Holder to the undersigned from time to time in writing. Such payments shall be made no later than 3:00 P.M. on the date when due in lawful money of the United States of America. Whenever any payment to be made under this Note shall be stated to be due on a day other than a "Business Day" (as defined below), such payment shall be made on the next succeeding business day. The term "Business Day" means a day on which national banks in the United States are open for the transaction of business.

The principal amount of this Note may be prepaid in full at any time and in part from time to time upon five days advance written notice without penalty or premium provided that accrued interest to the date of prepayment is also paid.

The happening of any of the following shall constitute an event of default hereunder:

(a) default in the payment of any installment of principal, interest or other amounts upon demand or otherwise when due hereunder which default continues for ten (10) days; or

(b) the filing of any petition or the commencement of any proceeding by or against any party liable under this Note under any bankruptcy or insolvency laws (which proceeding, in the case of any proceeding commenced against any party liable under this Note and not acquiesced to by any of such liable party, is not dismissed within 30 days) or if any party liable under this Note shall be adjudicated insolvent or bankrupt by any

CONFIDENTIAL TREATMENT REQUESTED
EXEMPT FROM FOIA

In-Re-Mozido (B3004)_SEC_012_029935

court of competent jurisdiction or if any party liable under this Note shall make an assignment for the benefit of creditors.

Borrower and all other parties liable herefor, whether principal, guarantor, endorser or otherwise, hereby waive, demand, notice and protest, and waive all recourse to suretyship and guarantorship defenses generally, including, but not limited to, any extensions of time for payment or performance which may be granted to Borrower or to any other liable party, any modifications or amendments to this Promissory Note or any document securing payment and performance hereof, any release of security, any release of a liable party or parties, and all other indulgences of any type which may be granted by the holder hereof to Borrower or any other party liable herefor, and do also agree to pay all costs of collection of indebtedness evidenced hereby, including attorneys' fees which may be incurred in connection therewith.

No waiver of any payment or other right under this Note shall operate as a waiver of any other payment or right. No delay or failure of Holder in the exercise of any right or remedy provided for hereunder or under any agreement securing this Note shall be deemed to be a waiver of such rights by Holder and no exercise of any right or remedy shall be deemed a waiver of any other right or remedy that the Holder may have.

This Note evidences a loan for business and commercial purposes, and not for personal, family or household purposes.

BORROWER, TO THE EXTENT PERMITTED BY APPLICABLE LAW, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY AND ALL PERSONAL RIGHTS UNDER THE LAWS OF ANY STATE AND UNDER THE UNITED STATES CONSTITUTION TO (I) THE RIGHT, IF ANY, TO TRIAL BY JURY, AND (II) THE RIGHT, IF ANY, TO CLAIM OR RECOVER ANY SPECIAL, EXEMPLARY, PUNITIVE OR CONSEQUENTIAL DAMAGES OR ANY DAMAGES OTHER THAN ACTUAL DAMAGES.

This Note may not be amended, modified or changed, nor shall any waiver of any provision hereof be effective, except only by an instrument in writing signed by the party against whom enforcement of any waiver, amendment, change, modification or discharge is sought.

Whenever used herein, the words "Borrower", "Payee" and "Holder" shall be deemed to include their respective heirs, legal representatives, successors and assigns.

This Note shall take effect as a sealed instrument. If any obligation or portion of this Promissory Note is determined to be invalid or unenforceable under law, it shall not affect the validity or enforcement of the remaining obligations or portions thereof. This Note shall be governed by and interpreted in accordance with the laws of the State of Maine.

CONFIDENTIAL TREATMENT REQUESTED
EXEMPT FROM FOIA

In-Re-Mozido (B3004)_SEC_012_029936

Borrower agrees that no action may be maintained upon any agreement to lend money, extend credit, forbear from collection of a debt or make any other accommodation for the repayment of a debt unless the promise, contract or agreement on which the action is brought or some memorandum thereof is in writing and signed by the party to be charged therewith. Neither Borrower nor any endorser hereof will, under any circumstances, rely on any oral statements, promises or assurances made by or on behalf of Holder with respect to the loan evidenced hereby, any loan document or Holder's intentions with respect hereto, including without limitation, any statement, promise or agreement to execute any written promise, contract, agreement or memorandum thereof.

IN WITNESS WHEREOF, the undersigned has/have executed this Note, under seal, as of the date first set forth above.

                MOZIDO INVESTEMENTS, LLC

By:_____
      Michael A. Liberty
      Its Manager

By:_____
      Brittany S. Abbass
      Its Manager

## GUARANTY

The Undersigned hereby guaranties the full and prompt payment and performance by the Borrower of its obligations under this Promissory Note.

_____
Michael A. Liberty

## TRANSFER AND NOTE SATISFACTION AGREEMENT

This Transfer and Note Satisfaction Agreement is entered into as of the 26th day of August, 2010, by and between George Denney, an individual residing in Freeport, Maine ("Denney"), Mozido Investments, LLC, a Florida Limited Liability Company ("MI"), Mozido Invesco, LLC, a Maine Limited Liability Company ("Invesco"), and Michael A. Liberty, an individual residing in the Beverly Hills, California ("Liberty").

Whereas, MI is indebted to Denney pursuant to that certain Promissory Note of even date herewith, in the principal amount of $927,438.98 (the "Note"); and

Whereas, said Note is payable on demand made not earlier than three (3) years from the date of said Note; and

Whereas, Liberty has agreed to guaranty the payment of said Note, and has executed a written guaranty thereof; and

Whereas, said Note evidences indebtedness of MI to Denney for moneys loaned and advanced to MI; and

Whereas, Denney is the sole member and manager of Invesco; and

Whereas, MI wishes to satisfy in part, on the terms hereof, such indebtedness to Denney, including an additional amount representing interested expected to accrue over the term of this Agreement, by transferring to Invesco, for the benefit of Denney, ownership of 120 membership units in MI, and

Whereas, the value of such 120 membership units can be inferred by assuming a $16,000,000 valuation of Affinity Holding, LLC and its subsidiary Mozido, LLC (collectively "Mozido"); and

Whereas, such $16,000,000 valuation of Mozido is the post money valuation of Mozido placed upon Mozido by an independent third party investor therein, CompuCredit Corporation, in a transaction expected to close on or about August 27, 2010; and

Whereas, MI owns 53% of the equity value of Mozido, and based upon the foregoing valuation of Mozido, such 53% of the equity is valued at $8,480,000; and

Whereas, the units transferred herein constitute 12% of the issued and outstanding units of MI, and therefore have a value of $1,017,600, based upon the aforesaid $16,000,000 valuation of Mozido;

NOW THEREFORE , Denney, Invesco, MI and Liberty, for good and valuable consideration, the receipt and sufficiency whereof is hereby acknowledged,  agree as follows:

CONFIDENTIAL TREATMENT REQUESTED
EXEMPT FROM FOIA

In-Re-Mozido (B3004)_SEC_012_029938

1. MI shall cause the absolute and unconditional present transfer of 120 Membership Units in and to MI to Invesco.

2. Denney shall cause to be credited to the Note the sum of $1,017,600, on a provisional basis. Such credit is provisional in that a final credit upon the Note shall be made only when, and in the amount, of cash actually received and realized by Invesco, by virtue of the transfer or sale of the units, or any portion thereof.

3. For the three year period commencing on the date of this Agreement, Liberty or his nominee shall have the sole and exclusive right and option to purchase such units, or any portion of the units, from Invesco. Thereafter, Invesco may sell any of such units or all of them to any party. Upon the sale or transfer of the units, the cash proceeds received and realized by Invesco shall cause a final credit to be made with respect to the Note in the amount of such cash proceeds.

4. This Agreement shall be governed by the laws of the State of Maine. It may not be modified or amended, except by a written agreement, duly executed and delivered by the party sought to be charged by such modification or amendment.

5. This Agreement shall be binding upon the successors and assigns of the parties hereto.

CONFIDENTIAL TREATMENT REQUESTED
EXEMPT FROM FOIA

In-Re-Mozido (B3004)_SEC_012_029939

IN WITNESS WHEROF, the parties have caused this Agreement to be executed and delivered as of the day and year first above written.

MOZIDO INVESTMENTS, LLC

By:_____
    Michael A. Liberty, Manager

By:_____
    Brittany S. Abbass, Manager

MOZIDO INVESCO, LLC

By:_____
    Its Manager

_____
Michael A. Liberty

_____
George Denney

CONFIDENTIAL TREATMENT REQUESTED
EXEMPT FROM FOIA

In-Re-Mozido (B3004)_SEC_012_029940