

EXHIBIT 35

**To:** Rick Braddock[rick.braddock@mozido.com]; Greg Corona[greg.corona@mozido.com]
**Cc:** George Marcus[GJM@mcm-law.com]; Michael Liberty[michael.liberty@mozido.com]
**From:** George Marcus
**Sent:** Sat 4/13/2013 9:43:32 AM
**Importance:** Normal
**Subject:** Re: CCRT approval

Rick, I have consulted with Michael and he is unwilling to share information regarding how his investment vehicles, i.e. Brentwood Financial and Brentwood Investments raised the money that they then invested in Mozido. He is willing to share, of course, the amounts that Brentwood Investments and Brentwood Financial have each invested, but where they got their money, and how they got it is proprietary and confidential.

This should not prevent Mozido from getting the consent it needs from CCRT. So let me make these observations in the interest of assisting in getting the consent you want from CCRT:

First, we all know that the Operating Agreement has to be changed to remove the various investor rights for CCRT that were placed in the Operating Agreement years--it seems like ages--ago. But this task has nothing to do with how Michael raised money. CCRT needs the amendments in question as much as anyone else. It has a minority investment, and it has a clear stake in consenting to an amendment because that will facilitate the new investment needed to make its own stake valuable. Alternatively, it can stand on its position and watch the company go down--subject to the point below.

Second, the provisions of the operating agreement in question were necessary and appropriate at the time they were agreed upon. CCRT had the leverage to insist on these provisions, and we should expect that the new investor will want essentially the same things. But things have changed, and the Operating Agreement has mechanisms to force a change on CCRT even if it does not agree. For example, pursuant to the Operating Agreement, Mozido, LLC can be dissolved upon the vote of a majority of members--I.E. upon Michael's vote. Upon dissolution, the assets of Mozido can be "sold" to "New Mozido, LLC", in exchange for (I) assumption of Mozido debt and (2) all of the membership units of New Mozido. These membership units would then be distributed to the members of old Mozido, LLC, proportionately, so that, in effect, ownership does not change. The corporate transition would be seamless to all, but New Mozido will have a NEW operating agreement without the offensive provisions.

The current board would be well within its rights to consider such a transaction if intransigence from CCRT prevented an agreement to amend the current Mozido Operating Agreement. After all, such intransigence could cause the business failure of Mozido for lack of fundraising, and the Board would have an obligation to take steps to avoid this outcome. Michael, as majority owner, should insist that the Board consider this.

The step I outlined above is only one of several possibilities. I point it out for this reason: You need to get Mozido's legal counsel on board and direct him or her to deal with CCRT. There's plenty of leverage to negotiate, and in a nutshell, this leverage consists of (1) CCRT's own self interest; and (2) the ability to effectively cancel the old operating

SEC-MC-E-0000195

agreement whether CCRT agrees or not. If Mozido counsel does not understand this, I am available to spell it out. But at this point, it not appropriate to simply aim the cannons at Michael until he relents. The Company has options, and Mozido legal counsel needs to advise and implement, through negotiation with CCRT or otherwise.

I am available over the weekend to discuss at everyone's convenience. Geo.

<http://www.mcm-law.com/>

Confidentiality Notice: The materials in this electronic mail transmission (including all attachments) are private and confidential and are the property of the sender. The information contained in the material is privileged and intended only for the use of the named addressee(s). If you are not the intended addressee, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received this electronic mail transmission in error, then please immediately notify the sender by telephone at (207) 828-8000 or send an electronic message to firm@mcm-law.com, and thereafter, destroy the original transmission immediately.

On 4/13/13 7:48 AM, "Rick Braddock" <rick.braddock@mozido.com> wrote:

>As you know, we are running into difficulties already with the current
>Operating Agreement. Wellington has said point blank they will not invest
>under the current agreement. We have five hedge fund leaders who have
>come in with personal money to this round, and for them I have said,
>successfully, that they should not pay attention to the Agreement, that
>we will upgrade their participation when we redo. Individuals can perhaps
>take this risk, but funds can't. I have a meeting with Wilson Sonsini
>Monday on the way to their presentation to the Board on Wednesday.
>
>I am upset this is taking so long. Michael says the only thing he objects
>to is disclosing any other investments in his vehicles to CCRT, and I
>think that is fair. We need to resolve this quickly, it is jeopardizing
>our fundraising activities. Pls give me a call. Rick
>
>Sent from my iPad

SEC-MC-E-0000196