**EXHIBIT 38**

Received(Date):	Wed, 11 May 2016 13:08:42 +0000
From:	Deron Smith <dsmith@creative-ig.com>
Subject:	FW: 9/11/15 Conf. call follow-up
To:	Paul Hess <paulehess@verizon.net>
image001.jpg

Thought you would want to read the back and forth between Dad and George yesterday. We finally ironed out the triple liquidation and it's one heck of a deal. See below.

I'm doing my conversion paper work today and going to tell all members of my LLC it's up to them but the Smiths are converting.

D


Deron Smith

Creative Imaging Group

One Cumberland Place, Suite 210

Bangor, Me

04401

207 992 0406 (p)

207 992 0409 (f)

207 329 3985 (c)


**From:** George Marcus [mailto:gjm@mcm-law.com]
**Sent:** Tuesday, May 10, 2016 2:40 PM
**To:** Doug Smith <sendougsmith@gmail.com>
**Cc:** Deron Smith <dsmith@creative-ig.com>
**Subject:** RE: 9/11/15 Conf. call follow-up


Not quite. The total of preferred units is the note principal + accrued interest divided by the conversion price. When there is a liquidity event, each preferred unit gets 3 times the face value, i.e. the purchase price of the unit, plus accumulated dividends, and then it participates pro rata in the remaining funds.

Thx. Geo.



**Confidentiality Notice**: The materials in this electronic mail transmission (including all attachments) are private and confidential and are the property of the sender. The information contained in the material is privileged and intended only for the use of the named addressee(s). If you are not the intended addressee, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received this electronic mail transmission in error, then please immediately notify the sender by telephone at (207) 828-8000 or send an electronic message to firm@mcm-law.com, and thereafter, destroy the original transmission immediately.

**From:** Doug Smith [mailto:sendougsmith@gmail.com]
**Sent:** Tuesday, May 10, 2016 3:32 PM
**To:** George Marcus <gjm@mcm-law.com>
**Cc:** Deron Smith <dsmith@creative-ig.com>
**Subject:** Re: 9/11/15 Conf. call follow-up

So is that math correct in figuring the effect of the TLP on Deron's investment, ie he would be the proud owner of 3,241,935.45 preferred units upon conversion.

On Tue, May 10, 2016 at 3:22 PM, George Marcus <gjm@mcm-law.com> wrote:

> Once conversion occurs, MDO, LLC recognizes the holder of preferred units, for whatever number of preferred units are held. The triple liquidation preference is a characteristic of each of the preferred units. While that characteristic is part of the bundle of rights associated with each preferred unit as soon as the unit is issued, the "payoff" occurs when there is a liquidity event, e.g. a sale. When that happens, the triple liquidation preference gets paid to the holder of the preferred unit.
>
> Helpful?

Thx. Geo.



**Confidentiality Notice**: The materials in this electronic mail transmission (including all attachments) are private and confidential and are the property of the sender. The information contained in the material is privileged and intended only for the use of the named addressee(s). If you are not the intended addressee, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received this electronic mail transmission in error, then please immediately notify the sender by telephone at (207) 828-8000 or send an electronic message to firm@mcm-law.com, and thereafter, destroy the original transmission immediately.

**From:** Doug Smith [mailto:sendougsmith@gmail.com]
**Sent:** Tuesday, May 10, 2016 3:11 PM
**To:** George Marcus <gjm@mcm-law.com>
**Cc:** Deron Smith <dsmith@creative-ig.com>

**Subject:** Re: 9/11/15 Conf. call follow-up

George: Deron is being asked for further clarification of the answer to my questions 1 & 2 of our 9/11 exchange. Reduced to its most simple form does your answer to 1 & 2 tell us that the TLP is recognized at the time of conversion as follows (using Deron as an example): $67,000 (principle and interest) divided by $.062 = 1,080,645.16 preferred units X 3 (the TLP)=3,241,935.45 total preferred units which as I understand your answer to my #2 would be recognized immediately on the books of MDO LLC at the time of conversion. Is that math and procedure correct? Thanks again, Doug

On Mon, May 9, 2016 at 9:10 PM, George Marcus <gjm@mcm-law.com> wrote:

> Doug, I don't think the concept of "Effective Preferred Unit Price" as discussed in Section 4.4(a)(iii) of the Mozido, LLC (Now MDO, LLC ) Operating

Agreement gives any useful guidance as to valuation at this time.

That Effective Preferred Unit Price ($0.45858272) relates to "down round protection" for the holder of the Secured Convertible Note as defined in the recitals to the Operating Agreement ("CCRT"). That Effective Preferred Unit Price was set in August of 2010, when the Operating Agreement was signed. What it meant was that if MDO, LLC were to issue preferred membership units for less than $0.45858272 per unit, then CCRT would, upon conversion of its convertible note, get an additional number of preferred units, with the additional number being the difference between (1) that number of preferred units to which CCRT would be entitled on conversion of the Secured Convertible Note if the conversion took place at a conversion price for preferred membership units equal to the lower MDO sale price for preferred units and (2) that number of preferred units to which CCRT would be entitled on conversion of the Secured Convertible Note if the conversion took place at the conversion price set forth in the note itself.

As I stated, the Effective Preferred Unit Price was initially set in August of 2010. It was and is subject to adjustment based upon a variety of factors. It would be a different today because of subsequent financings, but the purpose would be the same—to provide down round protection for CCRT.

I don't see a meaningful connection between the Effective Preferred Unit Price and a present day valuation inference, but perhaps you can see in it something that I don't.

Feel free to call me with any questions.

Thx. Geo.

SEC-BHV-E-0007987



**Confidentiality Notice:** The materials in this electronic mail transmission (including all attachments) are private and confidential and are the property of the sender. The information contained in the material is privileged and intended only for the use of the named addressee(s). If you are not the intended addressee, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received this electronic mail transmission in error, then please immediately notify the sender by telephone at (207) 828-8000 or send an electronic message to firm@mcm-law.com, and thereafter, destroy the original transmission immediately.

**From:** Doug Smith [mailto:sendougsmith@gmail.com]
**Sent:** Monday, May 09, 2016 4:04 PM
**To:** George Marcus <gjm@mcm-law.com>

**Subject:** Re: 9/11/15 Conf. call follow-up

That would be very helpful (and take some pressure of me!). Thanks,

Doug

On Mon, May 9, 2016 at 3:59 PM, George Marcus <gjm@mcm-law.com> wrote:

> Doug, it looks like I owe you a response to your question 4. Let me take a look at that (my first opportunity will be this evening) and I will try to get back to you by tomorrow morning.

Thx. Geo.



**George J. Marcus, Esq.**
Marcus, Clegg & Mistretta, P.A.
One Canal Plaza-Suite 600
Portland, Maine 04101-4035
tel (207) 828-8000
cell (207) 838-0230
fax (207) 773-3210
gmarcus@mcm-law.com
www.mcm-law.com

**Confidentiality Notice**: The materials in this electronic mail transmission (including all attachments) are private and confidential and are the property of the sender. The information contained in the material is privileged and intended only for the use of the named addressee(s). If you are not the intended addressee, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received this electronic mail transmission in error, then please immediately notify the sender by telephone at (207) 828-8000 or send an electronic message to firm@mcm-law.com, and thereafter, destroy the original transmission immediately.

**From:** Doug Smith [mailto:sendougsmith@gmail.com]
**Sent:** Monday, May 09, 2016 3:48 PM
**To:** George Marcus <gjm@mcm-law.com>; Deron Smith <dsmith@creative-ig.com>
**Subject:** Re: 9/11/15 Conf. call follow-up

George: As you know investors are now being urged to consider conversion of their Convertible Promissory Notes to Preferred Units in MDO,LLC. I goodly number of questions have been asked by investors as to the estimated valuation of the Preferred Units at the time of conversion--a sensible question the answer to which would help them decide whether to convert now. We have also been provided consolidated financial statements for 2013 and 2014 which are now quite dated and 2015 financials as well as first quarter financials for 2016 should be due anytime based on our documentation. Unless 2016 financials are made available very soon and absent any other guidance from the company I think it is pretty hard to give these folks an answer which takes me back to the fourth question of my email to you of September 14, 2015. In looking further at the operating agreement provision referred to in that fourth question I wonder if the $0.45858272 "Effective Preferred Unit Price" doesn't represent at least some guidance for these investors in that that number will represent the initial price of the Preferred Units that the investors will acquire upon conversion? That is my reading of that provision--DO YOU AGREE? Your immediate response would be very much appreciated by all. Thanks. Douglas M. Smith, Esq.

On Wed, Nov 25, 2015 at 10:19 AM, Doug Smith <sendougsmith@gmail.com> wrote:

George:  I am being asked by several of our investors about the unanswered 4th question in my 9/11 email to you.  Could you get back to me with an answer asap?  Thanks,  Doug

On Tue, Sep 15, 2015 at 9:07 AM, Douglas Smith <sendougsmith@gmail.com> wrote:

Thanks, George.  Doug

Sent from my iPhone

On Sep 15, 2015, at 6:55 AM, George Marcus <GJM@mcm-law.com> wrote:

Doug, I can answer all but one of your questions below now; but I'll need to review the LLC Agreement to answer your last question.   For now, see answers below in ALL CAPS. Thx.  Geo

<1E3EB7EC-EEEF-46DD-BDC0-34EE875A7101[28].png>

**Confidentiality Notice**: The materials in this electronic mail transmission (including all attachments) are private and confidential and are the property of the sender. The information contained in the material is privileged and intended only for the use of the named addressee(s).  If you are not the intended addressee, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited.  If you have received this electronic mail transmission in error, then please immediately notify the sender by telephone at (207) 828-8000 or send an electronic message to firm@mcm-law.com, and thereafter, destroy the original transmission immediately.

**From:** Doug Smith <sendougsmith@gmail.com>

**Date:** Monday, September 14, 2015 at 10:09 AM
**To:** George Marcus <GJM@mcm-law.com>
**Cc:** Deron Smith <Dsmith@creative-ig.com>
**Subject:** 9/11/15 Conf. call follow-up

George: Thanks for the time and information you provided on the conference call on 9/11. It was very helpful.

We have a few follow-up questions just to make sure that we, and particularly Deron who must communicate with the other Mainiac LLC members, understand the Mozido LLC operating agreement and the nature of the "triple liquidation preference" (TLP) which you brought to light during the CC:

1. Does the TLP apply to all Mainiac LLC members at the time of conversion to the full extent of their respective Note principal plus accumulated and unpaid interest? ALL PRINCIPAL AND ACCUMULATED INTEREST UNDER EACH NOTE CAN BE CONVERTED INTO THAT NUMBER OF PREFERRED UNITS OF MDO, LLC [FORMERLY MOZIDO, LLC] DETERMINED BY DIVIDING THE PRINCIPAL PLUS INTEREST AMOUNT BY THE CONVERSION PRICE STATED IN THE NOTE. EACH OF THE PREFERRED UNITS INTO WHICH NOTES ARE CONVERTED HAVE THE TRIPLE LIQUIDATION PREFERENCE AS DEFINED AND DETERMINED BY THE LLC OPERATING AGREEMENT

2. Is the value of the TLP with respect to each Note holder to be recognized on the books of the Mozido LLC at the time of conversion or only at the time of sale or liquidation? THE TLP IS RECOGNIZED IMMEDIATELY, IF I UNDERSTAND YOUR QUESTION CORRECTLY, BUT NO FUNDS ARE DISTRIBUTED UNTIL THERE IS A LIQUIDATION, AS DEFINED.

3. Do you know how many Mozido LLC Preferred Units are outstanding and obligated under conversion rights from other entities such as Mainiac LLC? CURRENTLY THERE ARE NO PREFERRED UNITS OUTSTANDING AS NO CONVERTIBLE NOTE HOLDER HAS CONVERTED. IF ALL CONVERTIBLE NOTEHOLDERS OF THE LLC [INCLUDING THOSE WITHIN BRENTWOOD AND THOSE OUTSIDE OF BRENTWOOD] CONVERTED, THERE WOULD BE 2,4447,823,918 PREFERRED UNITS OUTSTANDING, OUT OF A TOTAL

NUMBER OF UNITS OUTSTANDING OF 2,661741,138 UNITS.  THESE NUMBERS ARE AS OF 4/30/15; THEY WOULD BE A LITTLE DIFFERENT GIVEN ACCUMULATION OF INTEREST POST 4/30.

    4. How does the "Effective Preferred Unit Price" of $0.45858272 set forth in section 4.4(a) (iii) on page 11 of Exhibit A of the Mozido LLC operating agreement effect the current Mainiac LLC members at the time of conversion? I'LL GET BACK TO YOU AFTER I REVIEW THE PROVISION.


Thanks again for your earlier assistance and willingness to address the questions above.  Doug